IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD FITCH, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Civil No.:_____ |
| CAREY COUNSELING CENTER, INC., and ROBERT VAUGHN, | ) ) ) | CLASS ACTION AND COLLECTIVE ACTION COMPLAINT FOR |
| Defendants. | ) ) ) | VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938 |
| _____ | ) | |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Comes Edward Fitch ("Plaintiff"), on behalf of himself and all others similarly situated, for his Collective Action Complaint for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201, *et seq.*, on behalf of the Collective Action Class ("Collective Class Members"), and his Class Action Complaint asserting Tennessee common law claims on behalf of the Class Action Class ("Class Members") against Carey Counseling Center, Inc. ("Carey"), and Robert Vaughn ("Vaughn"), individually (the corporate and individual defendants are hereinafter referred to collectively as "Defendants"), and alleges the following:

## I. INTRODUCTION

1. This is a collective and class action brought by Plaintiff on behalf of himself and all similarly situated current and former Residential Technicians and Lead Residential Technicians who worked at Carey's residential facilities at any time during the six (6) year period preceding the filing

1

of this Collective and Class Action Complaint. Plaintiff also seeks a declaratory judgment and injunctive relief under 28 U.S.C. §2201 and §2202, and equitable and other relief available to compel Defendants to comply with Tenn. Code Ann. §50-2-103(a)(1) and (2), which requires that *all* wages earned prior to the sixteenth of any month be paid not later than the fifth day of the succeeding month, and that *all* wages earned prior to the first of any month be paid not later than the twentieth day of the succeeding month.

2. During the FLSA, Contract Breach and Conversion Recovery Periods as defined below in Counts One, Two and Three, Plaintiff and Collective Class Members and Class Members who worked for Defendants as Residential Technicians and Lead Residential Technicians are not and were not: a) paid all compensation for their work that had been promised by Defendants; and/or b) paid for all hours worked as required by the Fair Labor Standards Act ("FLSA"), including minimum wage and overtime pay; and c) were not timely paid all their earned wages as required by Tenn. Code Ann. §50-2-103(a)(1) and (2). Upon information and belief, Defendants' policies, practices and procedures alleged in the preceding sentence still continue at the present time.

3. During the FLSA, Contract Breach and Conversion Recovery Periods as defined below in Counts One, Two and Three, Plaintiff and Collective Class Members and Class Members were victimized by Defendants' illegal payroll scheme of paying them based upon their scheduled or "projected" hours worked each month, instead of actual hours worked each month which often exceeded the "projected" hours, thereby: a) depriving them of lawful minimum wages and overtime pay as required by the FLSA; b) failing to pay them for all hours worked as promised; and c) violating Tenn. Code Ann. §50-2-103(a)(1) and (2).

4.     Defendants' conduct as alleged in Paragraphs 2 and 3 constitutes willful violations of the FLSA and Tennessee common and statutory law.

5.     Plaintiff, Collective Class Members and Class Members seek a declaratory judgement against Defendants declaring that Defendants' payroll policies and practices violate Tenn. Code Ann. §50-2-103(a)(1) and (2), and an order compelling Defendants to comply with such law.

6.     Plaintiff, Collective Class Members and Class Members are similarly situated under the FLSA, specifically 29 U.S.C. §216(b), and/or Federal Rule of Civil Procedure 23, as they commonly suffered wage, compensation, remuneration and monetary losses as a result of Defendants' uniform and unlawful policies and practices.

## II.     JURISDICTION AND VENUE

7.     This Court has jurisdiction over this action pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331 and §1343.  This Court has supplemental jurisdiction over the Tennessee state law claims pursuant to 28 U.S.C. §1367.

8.     This Court has subject matter jurisdiction to issue a declaratory judgment and order under 28 U.S.C. §2201 and §2202 because an actual controversy exists between the parties, as set out in this Complaint.

9.     Venue is proper in the Western District of Tennessee under 28 U.S.C. §1391 because Defendants' principal place of business is located in this District and a substantial portion of the events forming the basis of this lawsuit occurred in this District.

### III. THE PARTIES

#### A. The Plaintiff

10.     Plaintiff Edward Fitch currently resides in Henry County, Tennessee and is a citizen of the United States.  Plaintiff Fitch was employed as a Residential Technician and/or Lead Residential Technician for Carey from approximately November of 2014 through January 20, 2017.  Plaintiff's Consent form to join this lawsuit is attached as Exhibit A.

11.     During his employment with Defendants, Plaintiff worked as an hourly paid Residential Technician and Lead Residential Technician whose duties involved caring for residential patients, taking residents to health care provider appointments, cleaning, assisting with meal preparation, landscaping, and performing other duties as needed.  During his employment, Plaintiff worked hours for which he was not properly compensated, including being denied minimum wages and overtime compensation.

12.     The Plaintiff and all similarly situated Collective Class Members were "employees" of the Defendants as defined by §203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within the three (3) year period preceding the filing of this lawsuit. These same individuals were covered by §206 (minimum wage provision) and §207 (overtime provision) of the FLSA throughout the period they were employed by Defendants.

13.     The Plaintiff and Class Action Members were employed by and worked for Defendants during the six (6) year period preceding the filing of this lawsuit, and worked hours for which they received no compensation in breach of their employment agreements with Defendants.

## B.    The Defendants

14.    Defendant Carey is a nonprofit corporation licensed in the state of Tennessee which owns and operates four residential facilities in Northwest Tennessee.   At two of these facilities located in Camden (Herrington Place) and Huntingdon (Poplar Bend), Tennessee, Carey operates "supportive living/medically fragile residential programs" which "provide and/or facilitate housing, nutrition, mental health, and medical service for adult individuals with severe and persistent mental illness," and which it states "are staffed twenty-four hours a day, seven days a week."   *See* http://www.careycounselingcenter.org/services/residential-services.   Carey also owns and operates two independent living apartments or houses in Camden (Camden Group Home) and Trenton (Trenton Group Home),Tennessee, which it refers to as a "standard supportive living housing facility program" describes as a "step-up program, a safety net...with continuing case management contacts."   *Id.*

15.    Carey's corporate offices are located at Carey Counseling Center, Inc., 408 Virginia Street, Paris, Tennessee 38242.

16.    At all times material to this action, Defendant Vaughn served as Carey's Executive Director who exercised operational control and oversight over Carey's operations and possessed the power to hire and fire employees.   Upon information and belief, Vaughn implemented, enforced and/or ratified the illegal policies and practices described herein.

17.    Defendants are subject to personal jurisdiction in the State of Tennessee for purposes of this lawsuit.

18.     Throughout the FLSA Recovery Period as defined in Count I, Carey has been an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA, and has had a gross volume of sales and/or revenue which has exceeded $500,000.

19.     Throughout the FLSA Recovery Period as defined in Count I, Carey was an "employer" of Plaintiff, as defined by §203(d) of the FLSA, as well as the employer of all other persons similarly situated to Plaintiff.

20.     Throughout the FLSA Recovery Period as defined in Count I, Vaughn was an "employer" of the Plaintiff, as defined by §203(d) of the FLSA, as well as the employer of all other persons similarly situated to the Plaintiff.

21.     The minimum wage and overtime provisions set forth in §§206 and 207 of the FLSA apply to and govern the business operations of Defendants.

## IV.     VIOLATIONS OF THE FLSA

### A.     General Allegations

22.     Defendants have intentionally and repeatedly deprived Plaintiff and all similarly situated employees of their lawful minimum wage and overtime pay in violation of the provisions of the FLSA and corresponding federal regulations.

23.     Defendants have intentionally and repeatedly engaged in the practice of underreporting and/or failing to capture and compensate all the hours worked by Plaintiff and all other similarly situated employees, thereby underpaying them in violation of the provisions of the FLSA.

24.     Even though Defendants possessed the clock-in/clock-out records reflecting the hours logged by Plaintiff and Collective Class Members, Defendants nevertheless routinely and intentionally paid them for fewer hours in direct conflict with these time records.

25.     Defendants also violated their duties as defined by the applicable federal regulations, by unlawfully accepting the benefits of their employees' work efforts and refusing to accord them proper and lawful compensation.

26.     Defendants requested and/or "suffered or permitted" the named Plaintiff and all other similarly situated employees to work without proper compensation in violation of the FLSA and clear regulatory provisions and guidelines applicable to their operations.  For instance, 29 C.F.R. §785.11 provides in pertinent part that "[w]ork not requested but suffered or permitted is work time.  For example, an employee may voluntarily continue to work at the end of the shift. . . . The reason is immaterial. The employer knows or has reason to believe that he is continuing to work and the time is working time."  Moreover, 29 C.F.R. §785.13, titled "Duty of Management," provides in pertinent part that "[i]n all such cases it is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed.  It cannot sit back and accept the benefits without compensating for them."  These regulations applied to, and continue to apply to, Defendants.

**B.     Payroll Based on "Projected" Hours, Rather than Actual Hours Worked**

27.     Defendants paid Plaintiff and other similarly situated employees monthly, and prepared their own payroll on or about the 15th or 16th of each month.  As a result, Defendants paid Plaintiff and other similarly situated employees based upon "projected" hours worked during the

final half of each month, instead of paying them for the actual hours worked for that period. The "projected" hours were based upon the assumption that employees would work 2080 hours per year, or 173.33 hours per month and/or 40 hours for each of the 52 weeks in a calendar year. Although Defendants stated that they would correct any underpayment of wages with a "mid-month" check on or before the 20th of the following month, and "recapture" hours worked in excess of the "projected" hours, for the vast majority of time Defendants did not do so. Even on those occasions when Defendants issued a "mid-month" check, it did not capture and pay for all hours worked, and did not pay time and one-half the regular rate of pay for overtime hours worked.

28.     Even though Plaintiff and similarly situated employees clocked in and out on Defendants' timeclock, Defendants often did not pay them for all the regular or overtime hours they worked during the first half of each month even though their actual work hours were accurately captured by Defendants' timeclock system for that period.

29.     Throughout the FLSA Recovery Period as defined below, the actual hours worked by Plaintiff and other similarly situated employees were often much greater than their scheduled or "projected" hours. Because of the abysmal working conditions, turnover among Residential Technicians and Lead Residential Technicians was high, and Defendants' residential facilities were chronically understaffed throughout the FLSA Recovery Period.

30.     Because of the chronic understaffing, Plaintiff and other similarly situated employees often had to work more hours than their scheduled or "projected" hours, including working more than forty (40) hours a week.

31.     Attached hereto as <u>Exhibit B</u> is a true and accurate copy of a notice posted by management at one of Defendants' residential facilities during the FLSA Recovery Period as defined below which read as follows:

**ATTENTION ALL
STAFF**:

The facility cleaning is going to have to start being completed.  Licensure will be making a visit and we need to make sure that the facility is up to par and we need to make sure it stays that way. *We know there are issues with lack of staff* but every little bit helps!!!

Emphasis added.

32.     Attached hereto as <u>Exhibit C</u> is a true and accurate copy of a notice posted by management at one of Defendants' residential facilities during the FLSA Recovery Period as defined below inviting staff to "volunteer" to come in and clean the facility in advance of an expected state inspection, which read as follows:

**<u>ATTENTION STAFF:</u>**

It has been approved by Amanda for staff to volunteer to come in on their days off to detail areas of the facility.  Since licensure will be making an appearance and *we have been short staffed*, this will be the best opportunity to get the facility licensure ready!  Attached is a sign-up sheet that you can sign up the date, your name, and the area you will detail.  <u>Note</u>:  if you volunteer to come in and are observed not cleaning…you WILL be sent home.  Let's join together and get this facility CLEAN!

Emphasis added.

33.     The person identified as "Amanda" in <u>Exhibit C</u> is Amanda Lifsey, the Director of Residential Services for Carey.

**C.    Defendants Improperly Excluded Earned Compensation from the Regular Rate**

34.    Throughout the FLSA Recovery Period (as defined below), Defendants regularly paid Plaintiff and all other similarly situated employees certain non-discretionary bonuses based on their performance and/or which were intended to encourage them to remain employed with Defendants. Specifically, Defendants regularly and routinely paid a bonus during Christmas, a bonus in June, and a yearly bonus.

35.    Defendants also provided a $50 gift card to Plaintiff and other similarly situated employees on a quarterly basis in exchange for meeting certain performance criteria.

36.    Section 7(e)(1) of the FLSA provides that the term "regular rate" shall not be deemed to include "sums paid as gifts; payments in the nature of gifts made at Christmas time or on other special occasions, as a reward for service, the amounts of which are *not* measured by or dependent on hours worked, production, or efficiency…" 29 U.S.C. §207(e) (emphasis added).

37.    Because the bonuses and gift cards Defendants paid to Plaintiff and the Collective Action Class Members were based on their performance and/or attendance, Defendants were obligated to include such compensation in their regular rate of pay for purposes of calculating overtime pay owed to them.

38.    Throughout the FLSA Recovery Period (as defined below), Defendants failed to include the amount of such bonuses and gift cards in Plaintiff's and the Collective Class Members' regular rate of pay, resulting in an underpayment of overtime pay to them on those occasions when Defendants purported to pay overtime, assuming Defendants paid overtime at all.

# V.     COLLECTIVE ACTION ALLEGATIONS

39.     There are numerous similarly situated present and former employees of Defendants who have been employed as Residential Technicians and Lead Residential Technicians who worked at one of Carey's four residential facilities in in Northwest Tennessee during the FLSA Recovery Period, who have been improperly compensated in violation of the FLSA as set forth above.

40.     The FLSA requires covered employers, such as Defendants, to compensate all non-exempt employees for all hours worked, including at a rate equal to or greater than the minimum wage of $7.25, and overtime for all hours worked at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek.

41.     Plaintiff and the Collective Class Members are and were victims of Defendants' widespread, repeated, systematic, illegal and uniform compensation policies, practices and/or procedures designed to evade the requirements of the FLSA, including the FLSA's minimum wage and overtime requirements as set forth above.

42.     Defendants have willfully engaged in a pattern of violating the FLSA, 29 U.S.C. §201 *et seq.*, as described in this Collective and Class Action Complaint by knowingly failing to pay Plaintiff and the Collective Class Members for all hours worked, including minimum wage and overtime compensation.

43.     Defendants' conduct constitutes willful violations of the FLSA within the meaning of 29 U.S.C. §255.

44.     Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class Members. Plaintiff is similarly situated to the Collective Class Members, and as

such, notice should be sent to the Collective Class Members. There are numerous similarly situated current and former Collective Class Members who have suffered from Defendants' common and uniform policies, practices and/or procedures of not paying Residential Technicians and Lead Residential Technicians for all hours worked, including minimum wage and overtime pay, and who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in this action. Those similarly situated employees are known to Defendants, and are readily identifiable through Defendants' records.

45.    Plaintiff and Collective Class Members are entitled to recover damages, including minimum wage and overtime hours worked at the overtime premium rate mandated by the FLSA, during the FLSA Recovery Period, because Defendants acted willfully and knew, or showed reckless disregard for whether, their conduct was prohibited by the FLSA.

46.    Throughout the FLSA Recovery Period, Defendants have not acted in good faith or with reasonable grounds to believe that their actions and omissions as alleged in the preceding paragraphs were not a violation of the FLSA. Plaintiff and the Collective Class Members are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid compensation, including minimum wage and overtime compensation, as permitted by §16(b) of the FLSA. *See* 29 U.S.C. §216(b).

47.    As a result of the aforesaid violations of the FLSA's provisions, minimum wages and overtime compensation has been unlawfully withheld by Defendants from Plaintiff and Collective Class Members throughout the FLSA Recovery Period. Accordingly, Defendants are liable for unpaid wages under §16(b) of the FLSA (codified at 29 U.S.C. §216(b)), together with an additional

amount as liquidated damages, as well as pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action.

48.     Plaintiff brings this FLSA collective action on behalf of himself and all other persons similarly situated pursuant to §16(b) of the FLSA (codified at 29 U.S.C. §216(b)), which provides, in pertinent part, as follows:

> An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

49.     Plaintiff asserts these FLSA claims pursuant to 29 U.S.C. §216(b) as a collective action on behalf of the following Collective Class Members:

> All current and former employees who worked for Defendants at any time as Residential Technicians or Lead Residential Technicians for the period beginning three (3) years prior to the filing of the Complaint through the present (the "FLSA Recovery Period").

50.     Section 13 of the FLSA, codified at 29 U.S.C. §213, permits employers to categorize certain employees as "exempt."  None of the FLSA exemptions apply to Plaintiff or Collective Class Members while working as Residential Technicians or Lead Residential Technicians for Defendants.

51.     The identities of the Collective Class Members are known to Defendants and are readily identifiable and locatable through Defendants' records.  Specifically, all current and former non-exempt employees who have been employed by Defendants as Residential Technicians and Lead Residential Technicians in Northwest Tennessee during the three years preceding the filing date of this Complaint, up through and including the date of this Court's issuance of Court-Supervised Notice, have been subjected to the violations of the FLSA noted above.

## VI. CLASS ACTIONS UNDER TENNESSEE STATE LAW

### A. Class Action for Breach of Employment Contract

52.     Plaintiff reasserts and re-alleges the allegations set forth above.

53.     Plaintiff brings this action on his own behalf and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the following class of individuals:

> All current and former workers who worked for Defendants at any time as Residential Technicians or Lead Residential Technicians for the period beginning six (6) years prior to the filing of this Complaint through the present. ("Contract Breach Recovery Period").

54.     Plaintiff is a member of the Class Action Class he seeks to represent.

55.     The Class Action Class is sufficiently numerous that joinder of all members is impractical, satisfying Federal Rule of Civil Procedure 23(a)(1). There are, at the very least, dozens of Class Members who worked for Defendants during the Contract Breach Recovery Period.

56.     All Class Members share the same pivotal questions of law and fact, thereby satisfying Federal Rule of Civil Procedure 23(a)(2). Namely, all Class Members share the questions of: (1) whether Defendants agreed to pay them an hourly rate for each hour worked; (2) whether Defendants uniform payroll policies and practices failed to compensate them for all hours worked; and (3) whether Defendants' actions constituted a breach of contract.

57.     Plaintiff's claims are typical of the claims of the Class Action Class, thus satisfying Federal Rule of Civil Procedure 23(a)(3). Defendants' failure to pay for all time worked was not the result of any Plaintiff-specific circumstances. Rather, it arose from Defendants' common policies and practices of paying Class Members based on "projected" hours, as opposed to actual hours worked.

58. Plaintiff will fairly and adequately represent and protect the interests of the Class. Further, Plaintiff has retained competent counsel experienced in representing classes of employees against their employers related to their employers' failure to pay them properly under the law, thus satisfying Federal Rule of Civil Procedure 23(a)(4).

59. By consistently failing to pay Residential Technicians and Lead Residential Technicians for all hours worked, Defendants have acted on grounds that apply generally to all Class Members, such that final injunctive relief and corresponding declaratory relief is appropriate respecting the Class as a whole. Accordingly, Plaintiff is entitled to pursue the state law claims as a class action, pursuant to Federal Rule of Civil Procedure 23(b)(2).

60. By utilizing a uniform payroll system which resulted in consistently failing to pay them for all hours worked, Defendants have created a scenario where questions of law and fact common to Class Members predominate over any questions affecting only individual members. Thus, a class action is superior to other available methods for fair and efficient adjudication of this matter. Accordingly, Plaintiff is entitled to pursue his breach of contract claim as a class action, pursuant to Federal Rule of Civil Procedure 23(b)(3).

## B. Class Action for Conversion

61. Plaintiff reasserts and re-alleges the allegations set forth above.

62. Plaintiff brings this action on his own behalf and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the following class of individuals:

> All current and former workers who worked for Defendants at any time as Residential Technicians or Lead Residential Technicians for the period beginning three (3) years prior to the filing of this Complaint through the present. ("Conversion Recovery Period").

15

63.     Plaintiff is a member of the Class Action Class he seeks to represent.

64.     The Class Action Class is sufficiently numerous that joinder of all Class Members is impractical, satisfying Federal Rule of Civil Procedure 23(a)(1).  There are, at the very least, dozens of Class Members during the Conversion Recovery Period whose pay was withheld and converted by the Defendants.

65.     All members of the Class Action Class share the same pivotal questions of law and fact, thereby satisfying Federal Rule of Civil Procedure 23(a)(2).  Namely, all Class Members share the questions of: (1) whether Defendants withheld and used their wages for Defendants own purposes and use; (2) whether Defendants exercised dominion over their wages by excluding or denying their  right to receive their wages; (3) whether Defendants withheld their wages under a claim that they had a superior right to such wages; (4) whether Defendants had a policy and practice of any of the above actions; (5) whether Defendants' actions constituted conversion.

66.     Plaintiff's claims are typical of the claims of the Class Action Class, thus satisfying Federal Rule of Civil Procedure 23(a)(3).  Defendants' conduct was not the result of any Plaintiff-specific circumstances.  Rather, it arose from Defendants' uniform policy and practice of converting Class Members' wages for their own purposes.

67.     Plaintiff will fairly and adequately represent and protect the interests of the Class Action Class.  Further, Plaintiff has retained competent counsel experienced in representing classes of employees against their employers related to their employers' failure to pay them properly under the law, thus satisfying Federal Rule of Civil Procedure 23(a)(4).

68.     By consistently and uniformly withholding the wages of Class Members, Defendants

have acted on grounds that apply generally to all Class Members, such that relief is appropriate respecting the Class as a whole. Accordingly, Plaintiff is entitled to pursue the state law claims as a class action, pursuant to Federal Rule of Civil Procedure 23(b)(2).

69. By uniformly converting their wages, Defendants have created a scenario where questions of law and fact common to Class Members predominate over any questions affecting only individual members. Thus, a class action is superior to other available methods for fair and efficient adjudication of this matter. Accordingly, Plaintiff is entitled to pursue the state law claims as a class action, pursuant to Federal Rule of Civil Procedure 23(b)(3).

## VII.    COUNT I: FLSA VIOLATIONS

70. All previous paragraphs are incorporated as though fully set forth herein. By their actions alleged herein, Defendants willfully, knowingly, and/or recklessly violated the provisions of the FLSA and corresponding federal regulations.

71. Defendants willfully and intentionally engaged in a pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to record and compensate all hours worked by Plaintiff and other present and former, similarly situated employees in accordance with and as required by §§206 and 207 of the FLSA.

72. Defendants knew, or should have known that Plaintiff, and those similarly situated to Plaintiff, often worked a substantial number of hours of overtime per week for which they were not paid at the rate of time and one-half their regular rates of pay as required by law, and often did not receive pay equal to the minimum wage of $7.25 per hour.

73. As a result of Defendants' violations of the FLSA, Plaintiff, as well as all others

similarly situated, have suffered damages by failing to receive their lawful overtime wages in accordance with §§206 and 207 of the FLSA.

74.     Defendants have made no good faith effort to comply with the FLSA with respect to their compensation of Plaintiff or other similarly situated employees.

75.     As a result of the unlawful acts of Defendants, Plaintiff and all persons similarly situated have been deprived of their lawful minimum and/or overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and all other compensation and relief permitted by applicable law.

76.     Plaintiff and other Collective Class Members were paid on an hourly basis.

77.     Contemporaneously with the filing of this Complaint, Plaintiff has filed his Consent to Become Party Plaintiff which is attached hereto as Exhibit A.

78.     Other similarly situated employees likewise received no overtime pay for working more than forty (40) hours in a workweek, or were paid less than minimum wages, and are interested in joining this action to recover their lawful pay.

79.     For example, Diana Rogers and Shataun Wilson were hourly-paid residential technicians during the three (3) year period preceding the filing of this Complaint who worked more than forty (40) hours during certain workweeks but who did not receive the overtime pay they were lawfully entitled to from Defendants, and/or who were paid less than minimum wage for all hours worked.

80.     Contemporaneously with the filing of this Complaint, Diana Rogers has filed her Consent to Become Party Plaintiff which is attached hereto as Exhibit D.

81.     Contemporaneously with the filing of this Complaint, Shataun Wilson has filed her Consent to Become Party Plaintiff which is attached hereto as Exhibit E.

## VIII.   COUNT TWO – BREACH OF CONTRACT

82.     Plaintiff reasserts and re-alleges the allegations set forth above.

83.     Plaintiff brings this claim on behalf of all Class Members employed during the Contract Breach Recovery Period.

84.     Plaintiffs and the Class Members uniformly entered into employment agreements with Defendants whereby they agreed to perform work for Defendants in exchange for being compensated at a set hourly rate for all hours worked.

85.     The agreements were made between parties capable of contracting and contained mutual obligations and valid consideration.

86.     Plaintiff and the Class Members have performed all conditions precedent, if any, required of them under their agreements with Defendants, since they performed the work for which Defendants promised to pay them.

87.     Defendants failed and refused to perform their obligations in accordance with the terms and conditions of the agreements by failing to pay Plaintiff and the Class Members for all hours worked on behalf of Defendants.

88.     Plaintiffs and the Class Members have suffered damages as a result of the Defendants' breach of their agreement.

## IX.     COUNT THREE – CONVERSION

89.     Plaintiff reasserts and re-alleges the allegations set forth above.

90.     Plaintiff brings this claim on behalf of all Class Members employed during the Conversion Recovery Period.

91.     Throughout the Conversion Recovery Period, Defendants have interfered with the rights of Plaintiff and Class Members to their personal property consisting of wages which Defendants wrongfully withheld from Class Members and converted for their own use and purposes.

92.     Defendants have retained and used the wages of Plaintiffs and Class Members for Defendants' own benefit without their informed consent and permission.

93.     The converted property, consisting of Plaintiff's and Class Members' wages, was and is personal in nature.

94.     Defendants' conduct has, and continues, to damage Plaintiff and all Class Members.

95.     Plaintiff and Class Members have a superior right to possession of the earned wages Defendants wrongfully withheld from them.

96.     Plaintiff and Class Members are entitled to restitution for the full amount of wages converted for the benefit and use of Defendants, as well as punitive damages, costs and expenses.

## X.     COUNT FOUR – DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

97.     Plaintiff reasserts and re-alleges the allegations set forth above.

98.     Plaintiff brings this claim on behalf of himself and the Collective Class Members and all Class Members pursuant to 28 U.S.C. §2201 and §2202.

99.      At all times material to the allegations herein, Plaintiff, Collective Class Members and Class Members have been employees entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq*., and Tennessee law, namely Tenn. Code Ann. §50-2-

103(a)(1) and (2) which requires that *all wages* earned prior to the sixteenth of any month be paid not later than the fifth day of the succeeding month, and that *all wages* earned prior to the first of any month be paid not later than the twentieth day of the succeeding month.

100.　Defendants are and have been at all relevant times employers covered by the FLSA and Tennessee law, namely Tenn. Code Ann. §50-2-103(a)(1) and (2).

101.　Plaintiffs, Collective Class Members and Class Members are and/or were victims of a common, uniform illegal payroll scheme perpetrated by Defendants to in order to: a) deprive them of their lawful minimum wages and overtime pay as required by the FLSA; b) deprive them of their right to receive their lawfully earned wages in a timely manner pursuant to Tenn. Code Ann. §50-2-103(a)(1) and (2).

102.　There is an actual controversy regarding whether the Defendants subjected Plaintiff, the Collective Class Members and Class Members to a payroll scheme in order to achieve the illegal purposes set forth above, thereby violating the FLSA and Tenn. Code Ann. §50-2-103(a)(1) and (2).

103.　Plaintiff, the Collective Class Members and Class Members have been injured by Defendants' failure to comply with the FLSA and Tenn. Code Ann. §50-2-103(a)(1) and (2), and will be irreparably harmed if permitted to evade their duties under these laws.

104.　Plaintiff, the Collective Class Members and Class Members have no plain, speedy or adequate remedy at law to prevent further or continuing harm.

105.　Plaintiff, the Collective Class Members and Class Members' claims for relief are ripe.

106.　If not enjoined by this Court, Defendants will continue to violate the law.

107.　Accordingly, injunctive relief is appropriate compelling Defendants to comply with

the FLSA and Tenn. Code Ann. §50-2-103(a)(1) and (2), and pay all wages earned by its employees

– including those mandated by federal law – no less frequently than semi-monthly.

## XI.    PRAYER FOR RELIEF

108.    Wherefore, Plaintiff, on behalf of himself and the Collective Class and Class Action

Class, respectfully request that this Court grant the following relief:

a.    Entry of an order designating this action as a collective action on behalf of Collective Class Members and directing prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of the FLSA Collective Action Class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consents to join this lawsuit pursuant to 29 U.S.C. §216(b);

b.    Entry of an order certifying this action as a class action under Fed. R. Civ. P. 23;

c.    An order designating Plaintiff as a representative of the Collective Action Class and the Class Action classes;

d.    An order designating James Bewley Law PLLC and Dickinson Wright PLLC as counsel for the Collective Action Class and the Class Action classes;

e.    An award of unpaid wages, including all minimum wage and overtime compensation, due under the FLSA;

f.    An award of liquidated damages and/or penalties as a result of the Defendants' failure to exercise good faith as permitted by §16(b) of the FLSA;

g.    An order requiring Defendants to disgorge monies wrongly withheld from Plaintiff's and Class Members' pay as a result of their wrongful conduct and ordering them to make restitution as a result of Defendants' conversion;

h.    An award of compensatory and punitive damages;

i.    An award of prejudgment and post-judgment interest;

j.    Declaratory and injunctive relief, prohibiting Defendants from continuing to engage in the unlawful policies, practices and procedures as alleged above;

k.      An award of costs and expenses of this action, together with reasonable attorneys' fees; and

l.      Such other and further relief as this Court deems just and proper.

m.     Plaintiffs further demand a jury to try the issues when joined.

Respectfully submitted,

JAMES BEWLEY LAW PLLC

By: /s/ Jenni Bryant
Jimmy Bewley, TN Bar #026788
Jenni Bryant, TN Bar #034148
300 10th Ave South
Nashville, Tennessee 37203
Tel: 615-988-9411
jbewley@JBLfirm.com
jbryant@JBLfirm.com

DICKINSON WRIGHT PLLC

By: /s/ Peter F. Klett
Peter F. Klett, TN Bar #12688
Joshua Burgener, TN Bar #29077
R. Cameron Caldwell, TN Bar #29084
Fifth Third Center
424 Church Street, Suite 1401
Nashville, TN 37219-2392
Tel.:  615.244.6538
pklett@dickinsonwright.com
jburgener@dickinsonwright.com
ccaldwell@dickinsonwright.com

Attorneys for Plaintiffs, the Collective
Action Class and the Class Action classes